IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20390
Summary Calendar

_____

ANTONIO ARTURO HERNANDEZ,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-527
--------------------
March 11, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Antonio Hernandez, Texas prisoner # 840523, appeals the denial of his 28 U.S.C. § 2254 petition, in which he challenged his conviction for possession of heroin. Because his claims were addressed by the state courts on the merits, Hernandez must show that the adjudication of the claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Court of the United States." 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 411-12 (2000).

Hernandez asserts that his trial counsel rendered ineffective assistance by having him admit to the elements of the offense before the jury in the guise of challenging the validity of the arrest. To prevail on a claim of ineffective assistance of counsel, a defendant typically must show: (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 689-94 (1984). Under the circumstances of this case, Hernandez has not established that counsel's actions could not be considered "sound trial strategy." Id. at 689 (citation and internal quotations omitted). Moreover, given the weight of evidence against Hernandez in this case other than his admissions, he has not established that "the result of the trial [was] unreliable." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). The state court's denial of relief did not constitute an unreasonable application of clearly established federal law. See Williams, 529 U.S. at 409.

Hernandez also asserts that he was denied his right to a speedy trial based on the length of time between his arrest and the issuance of the state indictment. He has not established that the state court's denial of relief was an unreasonable application of clearly established federal law as determined by

the Supreme Court, as there is no such law regarding whether the date of arrest or the date of indictment should be considered for speedy trial purposes in a multiple-jurisdiction case.  See Williams, 529 U.S. at 409; United States v. MacDonald, 456 U.S. 1, 8-10 (1982).  Consequently, the judgment of the district court denying Hernandez habeas relief is AFFIRMED.